The only question involved on these motions is whether or not the defendant The Ocean Grove Camp Meeting Association was entitled to notice of the complainant's intention to file this bill. R.S. 54:5-96 provides:
"No search fee in excess of ten dollars and no counsel fee shall be allowed a complainant other than a municipality, in the foreclosure of a tax lien unless, prior to the filing of the bill of complaint, the complainant shall have given ninety days' written notice to the *Page 83 
interested owners and mortgagees whose interest appears of record by registered mail with postage prepaid thereon, addressed to the last known address of such owners and mortgagees of intention to file such bill of complaint. The notice shall also contain the amount due on such tax lien as of the date of the notice."
It is conceded by counsel for the complainant that the notice thus provided for was not served upon the defendant Association, but he contends that under the provisions of R.S. 54:5-98 he is nevertheless entitled to an allowance of search fees and counsel fees. His argument is that the defendant Association does not come within the class of "interested owners and mortgagees whose interest appears of record," designated in R.S. 54:5-96.
This controversy arises out of the following state of facts:
On November 11th, 1910, the Ocean Grove Camp Meeting Association leased the premises described in the bill of complaint to W. Holt Apgar, who, on September 9th, 1929, assigned the lease to the defendant Wilson Havens. The lease was in the usual form prescribed by the rules and regulations of the Camp Meeting Association and reserved rent payable annually at the rate of seven per cent. of a principal sum specified in the lease, which was for a term of ninety-nine years renewable by the lessee, his heirs and assigns, for a like term of years forever. It also provided for the termination of the lease upon the violation of any of the covenants therein contained or of the said regulations which were made a part of the lease.
On October 29th, 1941, the tax collector of the Township of Neptune sold said lands for delinquent taxes assessed against the defendant Wilson Havens as owner, and the complainant was the purchaser and received the certificate of tax sale which is here sought to be foreclosed. The bill was filed on December 31st, 1943, and Wilson Havens and the Ocean Grove Camp Meeting Association were made parties defendant. Paragraph 5 of the bill alleges that "The Ocean Grove Camp Meeting Association owns and/or retains some interest, title, remainder or other claim in the lands and premises." Also, that any interest which the Association "may have or claim to have in said lands and premises, is subject to the lien of complainant's tax sale certificate." *Page 84 
The "Chancery ticket" attached to the subpoena and served upon the defendant association with the subpoena, declares "you are made a party defendant * * * because you are the owner of record of the premises."
Counsel for the complainant contends that because the lease under which the defendant Havens held was renewable in perpetuity he was the owner of an estate tantamount to a fee, and, therefore, the only "owner of record" entitled to notice of intention to file this bill. He relies on Ocean Grove CampMeeting Association v. Reeves, 79 N.J. Law 334; affirmed,80 N.J. Law 464, in support of that contention. The case is not apposite.
The defendant association resists complainant's application for counsel fees and search fees in excess of the statutory limit, because of complainant's failure to give said notice. The language of the act (R.S. 54:5-96) it seems to me, is plain and requires no construction. The recited allegations in the bill and subpoena ticket refute complainant's contention that the Association is not an "owner," and that its "interest appears of record" cannot be denied; otherwise complainant would not have joined it as a party to the suit. It is not necessary for us to here determine the amount or nature of its interest in the lands. It seems to be conceded by counsel for the complainant — and it is asserted by counsel for the Association — that it has the right to redeem. If so, it is a proper party defendant, although it may not be a necessary party.
Obviously, the interest of the defendant association is not subject to the lien of complainant's certificate of tax sale for "nothing passes under such a sale except what has been assessed" (City of Long Branch v. Highlands, Long Branch and Red BankSteamboat Co., 134 N.J. Eq. 266); and only the right, title and interest of the lessee in the lands here involved was the subject of the assessment. Ocean Grove Camp Meeting Association v.Reeves, supra. The interest of the lessor, the Association, whatever it is, was not affected by the sale.
My conclusion is that the complainant is not entitled to any counsel fee, and that search fees are, by the statute *Page 85 
referred to, limited to $10. I understand there is no dispute as to the amount due on the certificate of tax sale or for taxed costs except as to the items mentioned. I will advise a decree accordingly.